POTTER v. GRAND TRUNK WESTERN RAILWAY CO.

1. EXPERT AND OPINION EVIDENCE — RAILROADS — NEGLIGENCE — STATUTES.

Under a declaration charging defendant with negligently setting fire to a building, and with operating a locomotive, not in good order nor properly managed within the meaning of 2 Comp. Laws, § 6295, testimony of experienced engineers based on their experience, tending to show that an engine in good order and properly managed would not throw live sparks across the distance claimed, was competent, although the witnesses were not physicists.

2. SAME.

The opinions so given, tending to show neglect within the provisions of the statute, raised an issue of fact.

Error to Eaton; Smith, J. Submitted April 15, 1909. (Docket No. 54.) Decided June 7, 1909.

Case by John C. Potter against the Grand Trunk Western Railway Company for the negligent burning of plaintiff's building. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*H. Geer* (*W. K. Williams*, of counsel), for appellant.
*Huggett & McPeek* and *Frank A. Dean*, for appellee.

BLAIR, C. J. Plaintiff recovered a judgment against defendant for damages for the loss of a building by fire alleged to have been set by sparks negligently permitted to escape from one of defendant's locomotives. The evidence tended to show that the fire started in the roof of a building used as an apple dryer at a point some 81 feet from the defendant's side track, from which it was communicated to the building in question. A high west wind was blowing with a velocity estimated at 60 miles an

hour. The weather was very dry, and the shingles of the roof of the apple dryer quite old.

Defendant has brought the case to this court for review, contending that the court erred in refusing to direct a verdict in its favor for the reason that the uncontroverted evidence brought it within the proviso of section 6295, 2 Comp. Laws, as construed by this court. See *Dolph* v. *Railway Co.*, 149 Mich. 278 (112 N. W. 981); *Clark* v. *Railway Co.*, 149 Mich. 400 (112 N. W. 1121). The only question, therefore, for our consideration in this case is whether the evidence conclusively proves that the locomotive in question was properly managed and in good order in the particulars specified in the statute. The defendant put in testimony tending to show that the engine was in good order and properly managed, as provided in the statute, and such testimony was not directly controverted. The plaintiff, however, at the close of defendant's testimony, put in testimony tending to show that an engine in good order and properly managed would not throw sparks which would set a fire at a distance of 81 feet. The witnesses who gave this testimony were permitted to testify, against the objections of defendant's counsel, after preliminary examination, that they were not qualified to express an opinion as experts, and motions were made to strike out their testimony. Defendant's preliminary and cross-examination of these witnesses demonstrated: That they had made no scientific tests to determine the duration of life of sparks escaping through the one-fourth inch interstices of the spark arrester of a locomotive; that they were not familiar with Sir Isaac Newton's law of independence of motion, were inclined to disagree with his conclusions, and were not competent physicists. The essence of defendant's complaint, to state it in the language of its counsel, is that:

"These witnesses were permitted by the trial court to testify as experts that an engine in good condition could not possibly throw a spark from its smokestack, which under the existing conditions would carry enough vitality

to set fire to a shingle roof 81 feet away. This, in face of the fact that it clearly appears from their testimony that these witnesses were testifying to something embraced in science with which all of them were, to say the least, unfamiliar"— citing *Peck* v. *Railroad Co.*, 165 N. Y. 347 (59 N. E. 206).

In that case:

"An expert connected with the Baldwin Locomotive Works testified as to the appliances used as spark arresters, their operation and effect. He stated that with the appliances now in use the sparks emitted are not of sufficient size nor sufficiently heated to ignite anything along the road. Two locomotive engineers were examined on the same subject. The following questions were put to them, to which the defendant's objections were sustained, and the plaintiff excepted:

" 'Q. What do you say as to the possibility of a spark or cinder the size of a pea bean being thrown through the netting or spark arrester such as you have described?

" 'Q. What do you say as to the possibility of a spark or cinder being thrown out through a spark arrester such as you have described, in good condition, capable of setting a fire a distance of 50 or 75 feet from the railroad track?'

"At the conclusion of the plaintiff's case, the complaint was dismissed. * * *

" The plaintiff's proof showed that defendant's engine had thrown out sparks the size of a pea bean a distance of several rods sufficiently heated after being carried that distance to set grass and fences on fire. The excluded questions put to the witnesses, had they been answered, might have shown that sparks or coals of the character described would not have been emitted by locomotives having proper appliances and in good repair. Indeed, we do not see how the plaintiff could establish the defendant's liability by circumstantial evidence in any other manner than that which he attempted to pursue. That is to say: *First*, by proof of the quantity, size, and character of the sparks actually thrown out by the engine; *second*, by proof by experts that sparks of such character would not be emitted from an engine in proper repair. The witnesses to whom the questions were put were locomotive engineers and competent to testify to facts within their observation and experience. The propriety of similar

questions was upheld in *Brush* v. *Railroad Co.*, 10 App. Div. (N. Y.) 535 (42 N. Y. Supp. 103), affirmed 158 N. Y. 742 (53 N. E. 1123), and in *Jamieson* v. *Railway Co.*, 11 App. Div. (N. Y.) 50 (42 N. Y. Supp. 915), affirmed on opinion below 162 N. Y. 630 (57 N. E. 1113). We have to make this qualification as to the second of the two questions referred to. That question is objectionable, in that it calls for an opinion as to whether the heat in a spark thrown a distance of 50 to 75 feet from a locomotive in proper condition would ignite anything along the road. The liability of ignition would depend on the material or substance along the line of the road upon which the sparks might fall, as well as the conditions of those substances at the particular time. This was not a proper subject for expert evidence, at least from the particular experts on the stand as witnesses. Those witnesses, however, might properly testify as to the condition of sparks or cinders thrown to such a distance; whether, in their observation and experience, live or burning sparks would have been carried so far if the engine was in proper order."

The witnesses in question in the instant case were locomotive engineers, one of them having had 36 years' experience, 28 on defendant's road, and another an experience of 29 years on its road. While some of their testimony was incompetent under the rule of the New York case, much of it was competent, under the rule there laid down, as a statement of the result of their observation and experience. A fair interpretation of their testimony is that, although some of the questions seemed to call for scientific conclusions, the answers were, for the most part, really based upon their observation and experience as to the distance live or burning sparks would be carried if the engine was in proper order. We are satisfied that the testimony of these locomotive engineers raised a question of fact for the jury, and that the court did not err in refusing to direct a verdict.

Judgment is affirmed.

GRANT, MONTGOMERY, McALVAY, and BROOKE, JJ., concurred.