TONN *v.* MICHIGAN CENTRAL RAILROAD CO.

1. FIRES—RAILROADS—LOCOMOTIVES—EVIDENCE—ADMISSIBILITY.

    In an action to recover damages for the destruction of plaintiff's building and lumber by fire from defendant's engine, evidence of expert witnesses that such an engine as the one claimed by defendant to have been the only one in the vicinity of the fire at the time would not, if in good order and properly handled, have thrown out sparks of fire of sufficient size and vitality to set fire to a dry building and lumber at a distance from the tracks at which the fire in question started, and that if it did do so it would indicate it was out of order or not properly handled, was improperly excluded.[1]

2. SAME—EVIDENCE—QUESTION FOR JURY.

    Where the evidence admitted and that improperly excluded, in an action to recover damages for destruction of plaintiff's building and property by fire from defendant's engine, was sufficient to entitle plaintiff to go to the jury and have them say whether such fire was set by sparks from such engine, it was erroneous to direct a verdict for defendant.

3. SAME—FINDING—EVIDENCE—SUFFICIENCY.

    Evidence that a fire originated near a railroad track shortly after the passage of an engine, when the weather was dry and the wind blowing from the railroad towards the place where the fire was discovered, *held,* sufficient to warrant a finding that the fire was caused by such engine.

Error to Wayne; Barton, J., presiding   Submitted January 4, 1917.   (Docket No. 31.)   Decided April 9, 1917.

Case by William Tonn and Frederick C. Schreiber,

---

[1] On the question as to whether presumption of negligence arising from the fact that fire was set by railroad company's locomotive necessarily make the question of negligence one for the jury, see note in 5 L. R. A. (N. S.) 99.

Authorities discussing the question as to distance within which sparks from a properly equipped engine will set fire as a subject of expert testimony, see note in 22 L. R. A. (N. S.) 1039.

copartners as Tonn & Schreiber, against the Michigan Central Railroad Company for the negligent operation of its locomotives and the setting of a fire. Judgment for defendant on a directed verdict. Plaintiffs bring error. Reversed.

*Wirt I. Savery, Barger & Hicks,* and *C. Oscar Carlson,* for appellants.

*J. W. Dohany* (*Henry Russel* and *Frank E. Robson,* of counsel), for appellee.

MOORE, J. This action was brought to recover damages for the destruction by fire of buildings and a quantity of lumber situated adjacent to defendant's railroad in the city of Detroit, alleged to have been communicated to the property from a locomotive engine of the appellee, which was in a defective condition.

The cause was tried before a judge and a jury, resulting in a directed verdict of no cause of action. The case is brought here by writ of error.

It was the claim of the plaintiff that some of the locomotives of defendant company were at work over its lines adjacent to plaintiff's premises all the evening preceding the fire, and that one of them was not far away from where the fire originated when it was first discovered.

It was the claim of the defendant company that only one locomotive was at work in the vicinity of the premises of the plaintiff for a considerable time preceding the fire, and that this locomotive was so equipped and managed that it could not possibly have set the fire. There was testimony given and offered tending to support each of these claims.

The first important question requiring examination is: Did the court below err in excluding competent evidence offered by the plaintiffs? The court excluded evidence offered by the plaintiffs on cross-examination

of the defendant's expert witnesses, and by an expert witness offered in rebuttal and as set forth in an offer to prove made by the plaintiffs which, briefly stated, was to the effect that an engine constructed and equipped as No. 8804, which defendant claims was the only locomotive which was in the vicinity of the fire, was said to have been, if in good order and properly handled, would not throw out sparks of fire of sufficient size and vitality to set fire to a dry building, lumber, or shingles at a distance from the tracks at which the fire in this case started, and that if it did in fact do so it would indicate that it was out of order or was not properly handled. This evidence was offered to meet the claim of defendant that its locomotives were properly equipped and properly handled.

This court has recently considered this question, where it was said:

"The substance of his testimony, based on observation and experience, was, so far as it had any probative force, that an engine properly equipped as this was said to be, and in good order, would not throw sparks with sufficient vitality to set a fire at the distance shown in this case. This was qualified by the statement on cross-examination that dry weather would add to the vitality of the spark, and it was possible in a long period of dry and very warm weather for a spark which would set fire to get out of such an engine. Without reviewing at length the objections launched against his testimony, we conclude that no reversible error appears in the rulings relating to it, under *Union Ice Co.* v. *Railway Co.*, 178 Mich. 346 (144 N. W. 1033, 52 L. R. A. [N. S.] 713); and *Potter* v. *Railway Co.*, 157 Mich. 216 (121 N. W. 808, 22 L. R. A. [N. S.] 1039). In the latter case witnesses who were experienced locomotive engineers were allowed in rebuttal to give testimony to the effect that an engine in good order and properly managed, as defendant's evidence showed the one in question was, would not throw sparks and set a fire 81 feet distant. Of the admissibility of their testimony the court said:

"'A fair interpretation of their testimony is that, although some of the questions seem to call for scientific conclusions, the answers were, for the most part, really based upon their observation and experience as to the distance live or burning sparks would be carried if the engine was in proper order. We are satisfied that the testimony of these locomotive engineers raised a question of fact for the jury, and that the court did not err in refusing to direct a verdict.'"

*Pennsylvania Fire Ins. Co.* v. *Railroad Co.,* 184 Mich. 375 (151 N. W. 578).

See, also, *Stoddard* v. *Railway Co.,* 191 Mich. 321 (158 N. W. 7). It was error to exclude this testimony.

The other important question is: Did the court err in directing a verdict for defendant? There was evidence which if supplemented by the excluded testimony was sufficient to entitle the plaintiffs to go to the jury and have them say whether the fire was set by sparks from one of the defendant's locomotives. In the absence of proof of some other probable cause therefor, it is a fair and reasonable presumption, and the jury would be justified in finding, that a fire which originated near to a railroad track shortly after the passage of a locomotive, when the weather is dry and the wind is blowing from the railroad toward the point where the fire is discovered, was caused by such locomotive. *Pennsylvania Fire Ins. Co.* v. *Railroad Co., supra; Stoddard* v. *Railway Co., supra; Clark* v. *Railway Co.,* 149 Mich. 400 (112 N. W. 1121, 12 Am. & Eng. Ann. Cas. 559); *Union Ice Co.* v. *Railway Co.,* 178 Mich. 346 (144 N. W. 1033, 52 L. R. A. [N. S.] 713). It was error to direct a verdict for the defendant. The case should have been submitted to the jury under proper instructions.

For the reasons stated, judgment is reversed, and a new trial ordered, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.