### OLAH *v.* KATZ.

1. NEGLIGENCE—UNGUARDED HOLE—INSTRUCTIONS.
   In an action for personal injuries to a four-year-old child, caused by a fall into an unguarded hole dug on defendant's city lot only a few inches from the sidewalk on plaintiff's lot, *held*, that defendants have no cause for complaint of an instruction to the jury that if an ordinarily careful and prudent man, under the circumstances, would have guarded the hole, their failure to guard it would be negligence.[1]

2. SAME—CHILDREN—DUTY TO GUARD AGAINST CHILDISH IMPULSES.
   Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly.[2]

3. SAME—QUESTION OF TRESPASS NOT INVOLVED.
   Where there is nothing to indicate that a four-year-old child who fell into an unguarded hole on defendants' lot, located within a few inches of the sidewalk on plaintiff's

[1]Negligence, 29 Cyc. p. 651; [2]Id., 29 Cyc. pp. 447, 448.
    Liability of employer for acts of independent contractor where injury is direct result of work contracted for, see note in 65 L. R. A. 742.
    On excessiveness of verdicts in actions for personal injuries other than death, see note in L. R. A. 1915C, 30.

lot, left the sidewalk before falling into the hole, the question of trespasser or licensee is not involved.[3]

4. MASTER AND SERVANT—NEGLIGENCE—OWNER LIABLE FOR NEGLI-GENCE OF CONTRACTOR WHERE WORK NECESSARILY DANGEROUS TO THIRD PERSONS.

The rule that one who has contracted with a competent person to do a work within the scope of his independent employment is not answerable for the negligent acts of such contractor or of his agents in the performance of the contract, is subject to the exception that immunity from responsibility may not be claimed when the work to be done is of such character that it necessarily subjects third persons to unusual danger.[4]

5. SAME—NOTICE.

Where it was apparent that it was necessary for a con-tractor to dig a hole near a lot line to perform his con-tract, and that said hole when dug would be an object of unusual danger to children, the owner was chargeable with notice of said facts, and failure of the contractor to guard the hole was the neglect of the owner, render-ing him liable for injuries caused to a child by a fall into it.[5]

6. DAMAGES—INFANTS—ADMINISTRATOR MAY RECOVER ONLY FOR DECEASED CHILD'S PAIN AND SUFFERING WHERE INJURIES NOT THE CAUSE OF DEATH.

In an action by the administrator of a deceased child's estate for injuries caused by defendant's negligence, where said injuries were not the cause of death, the only damages recoverable was for its pain and suffering.[6]

7. SAME—EXCESSIVE DAMAGES—PAIN AND SUFFERING.

A verdict for $5,000 for the pain and suffering of a child occasioned by the loss of an eye and several operations as the result of injuries caused by defendant's negligence, *held*, excessive and reduced to $3,000.[7]

Error to Wayne; Driscoll (George O.), J., presid-ing.    Submitted January 8, 1926.    (Docket No. 74.) Decided March 20, 1926.

Case by Joseph Olah, administrator of the estate of

---

[3]Negligence, 29 Cyc. p. 447; [4]Master and Servant, 39 C. J. § 1540; [5]Id., 39 C. J. § 1544; [6]Damages, 17 C. J. § 150; [7]Id., 17 C. J. § 453.

Arthur Olah, deceased, against Morris Katz and the Woodmere Real Estate Company for personal injuries to plaintiff's decedent.    Judgment for plaintiff.    Defendants bring error.    Affirmed, conditionally.

Asher L. Cornelius, for appellant Katz.

William J. Lehmann (Fred A. Lehmann, of counsel), for appellant Woodmere Real Estate Co.

Daniel P. Cassidy (Joseph Fabian, of counsel), for appellee.

SHARPE, J.    The defendant real estate company employed the defendant Katz to do some plumbing work in a residence on a lot owned by it in the city of Detroit.    The plaintiff lived on the adjoining lot. In doing this work, Katz caused a hole to be dug near the line between the lots.    Some of the witnesses testified that it extended four inches on plaintiff's lot; others that it was entirely on the company's lot. There was proof that the hole was 4 feet in diameter and 5 feet, 2 inches in depth.    An iron pipe protruded several inches from the bottom of the hole.    In the absence of the workmen, plaintiff's infant son, Arthur, aged four years, fell into the hole and struck one of his eyes on the pipe, resulting in its removal from the eye socket.    Several operations on it were performed. The sight in it was destroyed, and the lid drooped over it.    Nearly a year thereafter, the child became afflicted with scarlet fever, and died as a result thereof.    Plaintiff, as administrator, brings this action to recover the damages which the estate sustained by reason of such injury.    He had verdict for $6,000.    Defendants moved for a new trial, assigning, among other reasons therefor, that the verdict was excessive.    On plaintiff's remitting $1,000, as ordered by the trial court, the motion was overruled and judgment entered

for $5,000. This judgment defendants, by separate counsel, here review by writ of error.

1. Error is assigned upon the following instruction:

"If an ordinarily careful and prudent man, under the circumstances shown by the evidence, would have guarded and protected the hole, so as to prevent this deceased from falling in there, then it was the duty of those engaged in the work of excavating the hole and putting in this plumbing, to have so guarded that hole, and a failure on their part to guard it or protect it would be negligence within the meaning which I lay down in these instructions."

There was no fence separating the lots. The distance between the residence on the company's lot and the sidewalk alongside of plaintiff's house was but 52 inches. The hole in question was but a few inches from this sidewalk. There was no witness to the accident, but it may fairly be inferred that the child was passing along the walk and came to the hole. It could not but attract his attention. His childish instincts and impulses would impel him to approach nearer to it than safety provided. His fall and injury resulted. In our opinion, defendants have no cause for complaint of the instruction given.

In *Powers* v. *Harlow*, 53 Mich. 507, 515 (51 Am. Rep. 154), it was said:

"Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly."

The rule thus stated was quoted with approval in *Czarniski* v. *Storage & Transfer Co.*, 204 Mich. 276, 278. The question of trespasser or licensee, discussed at length in *Anderson* v. *Newport Mining Co.*, 202 Mich. 204, and in *Douglas* v. *Bergland*, 216 Mich. 380 (20 A. L. R. 197), and in the cases there cited and commented upon, is not here involved. There is

nothing to indicate that the child left the sidewalk until he pitched head foremost into the hole. It would be a far cry to say that by doing so he committed a trespass on the company's property. Suppose the defendant Katz had been doing some electric wiring on the company's premises, and had left a live wire so near to the sidewalk by the side of plaintiff's house that the boy had reached out and grasped it and sustained injuries thereby, it would hardly be urged that he was trespassing on the company's property in doing so.

2. The defendant real estate company insists that Katz was doing the work under a contract constituting him an independent contractor, and that the company was not liable for any negligence on his part. The trial court submitted this question to the jury, but declined to submit to them a special question relating thereto. In our opinion, the charge in this respect was more favorable than the company was entitled to.

The general rule relied on by defendant that one who has contracted with a competent person to do a work within the scope of his independent employment is not answerable for the negligent acts of such contractor, or of his servants or agents, in the performance of the contract, is subject to the exception that immunity from responsibility may not be claimed when the work to be done is of such a character that it necessarily subjects third persons to unusual danger.

It is apparent that it was necessary for Katz to dig this hole in order to perform his contract with the company. When dug, it became an object of unusual danger to children passing along the walk by the side of plaintiff's house, or who might be playing in the yard near it. Of these facts the defendant company was chargeable with notice. The injury to the child resulted directly from the work which Katz was

authorized to do under his contract, and was not the result of any wrongful act on his part in doing it. The condition of unusual danger was created by Katz in the doing of that which he had contracted to do. His neglect to guard against just such accidents as happened to this child must be regarded as the neglect of the defendant company also.

This holding is well within the rule stated in *Van Dam* v. *Doty-Salisbury Co.*, 218 Mich. 32 (29 A. L. R. 729). The exception pointed out has, we think, always been recognized. In the early case of *Water Co.* v. *Ware*, 16 Wall. (U. S.) 566, 576, it was said:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agreed and was authorized to do, the person who employs the contractor and authorizes him to do those acts *is equally liable* to the injured party."

In *Murphy* v. *Perlstein*, 73 N. Y. App. Div. 256 (76 N. Y. Supp. 657), in which the injury was caused by an excavation, the general rule of nonliability in such cases is stated, but it is said:

"To this rule, however, there is a distinct and well-grounded exception. If the character of the work creates the danger or injury, then the owner of the property who made the contract remains liable to persons who are injured by a failure to properly guard or protect the work, even though the same in its entirety is intrusted to a competent independent contractor."

See, also, *City of Detroit* v. *Corey*, 9 Mich. 165 (80 Am. Dec. 78); *Darmstaetter* v. *Moynahan*, 27 Mich. 188; *McDonell* v. *Boom Co.*, 71 Mich. 61; *Wilkinson* v. *Spring Works*, 73 Mich. 405; *Kilts* v. *Board of Sup'rs of Kent Co.*, 162 Mich. 646.

3. The amount for which plaintiff recovered judgment is said to be excessive. The only damages recoverable was for the pain and suffering of the child. Such damages cannot be determined by any rule or measurement. The danger in such cases is that the jury will take into consideration the death of the child and the suffering and loss of the parents occasioned thereby. Had the child died as a result of the injury, a different question would be presented. *Ignaszak* v. *McCray Refrigerator Co.*, 221 Mich. 10. The trial court was, we think, unconsciously influenced in his conclusion that but $1,000 should be remitted by the same consideration. In providing therefor, he said:

"But in view of the fact that there is some doubt as to whether or not the death was occasioned by the injury I think the damages should be reduced to $5,000."

There was no proof that "the death was occasioned by the injury." It cannot, therefore, be considered in passing upon the question of excessive verdict. In our opinion, after a careful consideration of the evidence as to pain and suffering, the judgment rendered should be reduced to $3,000.

If the plaintiff will remit the $2,000 excess within 20 days after the filing of this opinion, the judgment will be affirmed at $3,000. Otherwise, a new trial will be granted. In any event, the defendants will recover their costs in this court.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.