### GORGOL *v.* MICHIGAN CENTRAL RAILROAD CO.

1. WITNESSES—COMPETENCY—OPINION—EXPERT WITNESSES.

   A locomotive engineer, who testified from observation and experience as such, rather than as a scientific expert, was competent to testify as to whether an engine, in good condition and properly operated, could throw sparks that would set fire at a distance of more than 25 feet.

2. RAILROADS — FIRES — EVIDENCE — SUFFICIENCY — QUESTION FOR JURY.

   In an action under 2 Comp. Laws 1915, § 8305, for damages caused by a fire alleged to have been set by defendant's locomotive, testimony by a locomotive engineer that an engine in good condition and properly operated could not throw sparks that would have caused said fire, was material to the issue and raised a question of fact for the jury.

3. SAME—PRIMA FACIE CASE—PRESUMPTIONS—BURDEN OF PROOF.

   Under 2 Comp. Laws 1915, § 8305, when a plaintiff has shown that a fire damaging his property originated from defendant's locomotive, he has made a *prima facie* case, the presumption is that the defendant was negligent, and the burden of proof then shifts to the defendant, but if the latter shows conclusively that the machinery, fire boxes, and smokestack of the engine were in proper condition and properly managed, there is no liability, although the fire originated from the engine.

4. SAME—TRIAL—INSTRUCTIONS—STATUTES.

   In view of the theory of the statute on which the action was based, that locomotives equipped with the best known appliances and properly managed will sometimes throw out sparks and set fires, in which case the railroad company would not be liable, it was reversible error for the trial court to instruct the jury that if the locomotive set the fire, then that was evidence that it was not in perfect condition or was not properly managed, since it

---

Evidence, 22 C. J. § 647; Railroads, pp. 1362, 1365, 1394, 1402 (Anno); 22 L. R. A. (N. S.) 1039; 11 R. C. L. 631; 2 R. C. L. Supp. 1290.

amounted to an instruction, in substance, that if the fire originated from the locomotive, the defendant was liable.

Error to Bay; Houghton (Samuel G.), J. Submitted October 20, 1926. (Docket No. 38.) Decided December 8, 1926.

Case by John Gorgol and another against the Michigan Central Railroad Company for the negligent burning of plaintiffs' barns. Judgment for plaintiffs. Defendant brings error. Reversed.

*Hewitt & Wixson,* for appellant.

*Kinnane & Leibrand,* for appellees.

McDONALD, J. The plaintiffs recovered a judgment for damages occasioned by fire which they allege was started by sparks from one of the defendant's locomotives. The fire occurred on August 29, 1924, about 5:30 o'clock in the afternoon, and was first discovered burning in a straw stack about 25 minutes after the defendant's train had passed. The straw stack was on the plaintiffs' premises somewhere between 100 and 200 feet north of the railroad track. There had been no rain for two weeks, and the weather was dry on the day of the fire. The wind was blowing moderately in the direction of the straw stack. There was no fact or circumstance indicating any other cause for the origin of the fire than from the defendant's locomotive. When the plaintiffs had shown these facts they rested their case. After the defendant had moved for a directed verdict, which was taken under advisement, it introduced testimony showing that the machinery, smokestack, and fire boxes of the engine had been inspected on the day of the fire and were in good order, and that the locomotive was properly managed. Following this, the plaintiffs called a witness,

an experienced locomotive engineer, who testified over the defendant's objection, that a locomotive in good order and properly managed would not emit sparks which could set fire to a straw stack more than 25 feet away.    At the conclusion of the proofs defendant's motion for a directed verdict was renewed and denied.    The verdict was for the plaintiffs.    The court refused to enter a judgment *non obstante veredicto,* denied defendant's motion for a new trial, and entered a judgment on the verdict.    The defendant brings error.

The first question presented by the record relates to the testimony of the witness, Harry Zeder, who testified, in substance, that an engine in good condition and properly operated could not throw sparks that would set fire at a distance of more than 25 feet. Counsel for the defendant strenuously objected to this testimony.    They here insist that it should have been excluded, but that, in any event, it did not raise a question of fact for the jury, and that the court should have directed a verdict for the defendant.    The objection that the testimony was not proper rebuttal has no merit and requires no discussion.    As to its competency, it may be said that the witness did not testify as a scientific expert, but from observation and experience as a locomotive engineer.    He was a competent witness.    His testimony was material to the issue and raised a question of fact for the jury.    Precisely the same question was presented to this court in *Potter* v. *Railway Co.,* 157 Mich. 216 (22 L. R. A. [N. S.] 1039).    There, as here, the plaintiff at the close of the defendant's proofs put in testimony tending to show that an engine in good order and properly managed would not throw sparks which could set fire at a distance of 81 feet.    After holding that experienced locomotive engineers were competent to testify to the result of their experience and observation, the court said:

"We are satisfied that the testimony of these locomotive engineers raised a question of fact for the jury, and that the court did not err in refusing to direct a verdict."

So, in the instant case, if the fire originated from defendant's engine, Mr. Zeder's testimony tended to show that it was either not in good order or not properly operated. The jury had a right to consider it along with other facts and circumstances in determining if the defendant was negligent. The court properly refused to exclude the testimony or to direct a verdict.

The most serious question urged by the defendant as a reason why the judgment should be reversed relates to the court's instructions to the jury. Before considering the charge, it will be helpful to refer to the statute on which this action is based. Section 8305, 2 Comp. Laws 1915, imposes a liability for fires originating in the operation of railroads and follows with this proviso:

"*Provided,* That such railroad company shall not be held so liable if it prove to the satisfaction of the court or jury, that such fire originated from fire by engines whose machinery, smokestack or fire boxes were in good order and properly managed," etc.

Under this statute, when a plaintiff has shown that the fire originated from the defendant's engine, he has made a *prima facie* case. The presumption is that the defendant was negligent. The burden of proof then shifts to the defendant, and if it shows conclusively that the machinery, fire boxes, and smokestack of its engine were in proper condition and properly managed, there is no liability even though the fire originated from its engine. The theory of the statute is that engines equipped with the best known appliances and properly managed, will sometimes throw out sparks and cinders and set fires. *Mann* v. *Railroad Co.,* 135 Mich. 210.

See, also, *Dolph* v. *Railway Co.*, 149 Mich. 278.

In view of this theory of the statute, the court erred in the following instructions to the jury:

"If it was in a proper condition then it is conclusive that it did not set the fire, and the railroad company would not be to blame.   If it did set the fire then there is evidence that it was not in perfect condition.   *   *   *

"If the locomotive set the fire then that is evidence that it was not in perfect condition; if it was in perfect condition it could not set the fire.   *   *   *

"If it was properly managed and in proper condition it did not set the fire; if it did set the fire then the locomotive was not in a proper condition or properly managed."

Under these instructions, all that was left to the jury to determine was the origin of the fire.   They were told, in substance, that if the fire originated from this engine, the defendant was liable.   It is true that by reason of the statute the bare fact of the fire originating from the engine raises a presumption that it was not in good condition or not properly managed. But the presumption does not exist after the introduction of positive evidence that the engine was in proper condition, and properly managed.   The defendant put in such evidence and was entitled to have the jury instructed that if they found the engine was in proper condition and properly managed, there could be no liability, even though it originated the fire.   In making its liability depend upon the origin of the fire, the court committed error for which the judgment must be reversed.

It is not necessary to point out other objectionable features of this charge.   Either party might justly complain of it.   And we have not overlooked the fact that in one instance the court correctly stated that if the locomotive was in proper condition and properly managed, the plaintiffs could not recover.   In our judgment this isolated instruction was not sufficient

to overcome the prejudicial effect of the many other inconsistent and erroneous statements of the charge. Considered in its entirety, its general theory was wrong and must have misled the jury to the defendant's prejudice.

The judgment is reversed and a new trial granted. The defendant will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.