WIGHT *v.* H. G. CHRISTMAN CO.

1. TRIAL—ISSUES OF FACT FOR JURY.

    The determination of facts is peculiarly the jury's province; a question of law being presented only when the facts are undisputed.

2. SAME—CREDIBILITY OF WITNESSES FOR JURY.

    The credibility of witnesses and the truthfulness of their statements are for the jury.

3. NEGLIGENCE—FIRES—WEIGHT OF EVIDENCE.

    In an action for the negligent burning of plaintiffs' building, where defendants' negligence depended on the jury's finding upon disputed facts, a verdict in favor of defendants, *held,* not against the weight of the evidence.

4. SAME—TRIAL—INSTRUCTIONS TO BE GOVERNED BY EVIDENCE PROPER.

    In said action there was no error in the charge of the court to the effect that it was plaintiffs' duty to convince the jury by a preponderance of the evidence, and that they were not to guess on the matter, but were to be governed by the evidence only.

5. TRIAL—JURY MAY NOT FIND FACT UNSUPPORTED BY EVIDENCE.

    It is error to permit a jury to find a fact unsupported by evidence.

6. APPEAL AND ERROR—NO ERROR IN REFUSING PROPER REQUEST COVERED IN CHARGE.

    Where the trial court properly instructed the jury as to what constituted negligence, there was no error in refusing plaintiffs' request to charge thereon, although said request was proper and might well have been given.

7. NEGLIGENCE—DEFINITION.

    Negligence is a failure to do what a reasonable and prudent person would ordinarily do under the circumstances, or doing what such person under the circumstances would not do; it may result from omission or commission.

On the question as to who are independent contractors, see annotation in 65 L. R. A. 445; 17 L. R. A. (N. S.) 371.

On the general question of the nature of the relationship of employer and independent contractor, see annotation in 19 A. L. R. 226.

8. SAME—TRIAL—INSTRUCTIONS—JURY TO DETERMINE WHICH ONE OF JOINT DEFENDANTS NEGLIGENT.

In an action against a contractor and a subcontractor for the burning of plaintiffs' building by the alleged negligent operation of a steam shovel, there was no error in an instruction to the jury that if they found negligent operation then they should go to the question of responsibility therefor, since if but one defendant was found negligent it was for the jury to determine which one.

9. MASTER AND SERVANT—INDEPENDENT CONTRACTOR—QUESTION OF LAW WHERE CONTRACT UNAMBIGUOUS.

Where a contract is plain, unambiguous, and undisputed, whether one is an independent contractor or an employee is a question of law for the court.

10. SAME—TEST OF RELATIONSHIP IS RIGHT TO CONTROL WORK.

Whether one is an independent contractor rather than an employee is determined by the right of the employer to control and direct the performance of the work.

11. SAME—INDEFINITE CONTRACT PRESENTS JURY QUESTION.

The terms of the contract in the instant case between the contractor and the subcontractor being indefinite, the question of supervision to be exercised by the contractor and the extent thereof was for the jury.

12. NEGLIGENCE—DUTY MAY NOT BE DELEGATED SO AS TO ESCAPE LIABILITY FOR NEGLIGENCE OF INDEPENDENT CONTRACTOR.

Where one owes a duty to another, he cannot acquit himself of liability by delegating performance of the duty to an independent contractor.

13. SAME.

A contractor for the erection of a building may not evade liability for the negligent burning of a building by sparks from a steam shovel operated by a subcontractor in excavation work by the mere fact that it hired the subcontractor to do the work, since it was bound to see that the work, which was part of its contract, was not done in a negligent manner.

14. EVIDENCE—ADMISSIBILITY.

In an action for the negligent burning of a building alleged to have been caused by sparks emitted from a steam shovel, evidence of other fires set at about the same time by sparks from the same steam shovel was admissible.

15. NEGLIGENCE—TRIAL—INSTRUCTIONS.

An instruction by the trial court that if the subcontractor was an independent contractor, and the contractor had no connection except to pay him for a hole in the ground, then an agent of the contractor could not bind it by any statement, was erroneous, in view of the rule of law that the contractor may not escape liability by delegating performance of its duty to an independent contractor.

16. SAME—ASSUMPTION OF RESPONSIBILITY.

If a building contractor's superintendent told the owner of a building adjoining where excavating was being done by a subcontractor that his company would protect said building and see that no harm came to it, he thereby assumed for his company responsibility to see that the work was not negligently done, and if said building was burned because of the negligent operation of the steam shovel, the contractor as well as the subcontractor would be liable therefor.

Error to Ingham; Collingwood (Charles B.), J. Submitted June 15, 1928. (Docket No. 15, Calendar No. 33,753.) Decided October 1, 1928.

Case by W. Gurdon Wight and others against the H. G. Christman Company and John F. Gohr, doing business as the Lansing Excavating Company, for the negligent burning of plaintiffs' building. Judgment for defendants. Plaintiffs bring error. Reversed.

*Brown & Kelley* and *Fred L. Warner,* for appellants.

*Thomas, Shields & Silsbee* (*Clayton F. Jennings,* of counsel), for defendant Christman Co.

*Hayden, Ballard & Hubbard,* for defendant Gohr.

POTTER, J. W. Gurdon Wight and Pearl A. Wight, his wife, were the owners of a dwelling house in

Lansing, together with the contents therein. The house was insured in The Fire Association of Philadelphia, and the contents in the Wolverine Insurance Company. North and west of the premises of the Wights, the H. G. Christman Company contracted to build a building. John F. Gohr, doing business as Lansing Excavating Company, was engaged to do the excavating for this building. To do it he operated a steam shovel, the steam for which was generated by coal. It is plaintiffs' claim that sparks were communicated from this steam shovel to the building of Wight and wife, setting fire to the same and causing damage to the house and contents, which was adjusted and paid by The Fire Association of Philadelphia and the Wolverine Insurance Company, and they subrogated to the rights of the Wights against the H. G. Christman Company and Lansing Excavating Company. Suit was instituted by the Wights and the insurance companies against defendants. There was verdict and judgment for defendants. A motion for a new trial was made and denied and plaintiffs bring error, assigning 24 reasons for reversal grouped under 11 heads:

1. Plaintiffs contend the verdict was against the great weight of the evidence. The defendants were charged with negligence. Defendants' negligence depended on the jury's finding upon disputed facts. *Burroughs* v. *Ploof,* 73 Mich. 607; *Fox* v. *Spring Lake Iron Co.,* 89 Mich. 387; *Scharman* v. *Bay County Bridge Com'n,* 158 Mich. 77. The determination of facts is peculiarly the jury's province (*Daleiden* v. *Stevens,* 235 Mich. 111), and becomes a question of law only when the facts are undisputed. The credibility of witnesses and the truthfulness of their statements are for the jury. *Conkey* v. *Carpenter,* 106 Mich. 1; *Holmes* v. *Deppert,* 122 Mich.

275; *Lincoln* v. *Felt,* 132 Mich. 49; *Plefka* v. *Railway,* 155 Mich. 53. We think we ought not to disturb the verdict, because of the weight of evidence.

2. The court charged the jury: "It becomes the duty of the plaintiffs to convince you by preponderance of the evidence that the fire did originate from sparks or cinders coming from this steam shovel. You are not to guess on this matter. You are to be governed by the evidence only." This is alleged as error. It is error to permit a jury to find a fact unsupported by evidence. *Bonner* v. *Railway Co.,* 191 Mich. 313. Juries are to judge and decide upon evidence,—not to guess in default of evidence. *County of Marquette* v. *Ward,* 50 Mich. 174; *Baird* v. *Abbey,* 73 Mich. 347; *Hoffman* v. *Loud,* 111 Mich. 156; *Swift & Co.* v. *McMullen,* 169 Mich. 1. The use of the language complained of was not error.

3. It is claimed the court erred in charging the jury as follows:

"Now, negligence is the want of ordinary care. Negligence in the operation of the steam shovel is the failure to use the care ordinarily employed by a careful and prudent man. To find any negligence on the part of the defendants, you must be convinced by the evidence and by a preponderance thereof, that the defendants, or either of them, failed to use the care in the operation of that steam shovel which an ordinarily prudent and careful man would use,"

and in not charging as requested by plaintiffs as follows:

"I instruct you that negligence may be defined as follows: 'A failure of duty to observe that degree of care which the law imposes for the protection of interests likely to be injuriously affected by the want of it.' "

The definition of negligence requested by plaintiffs was approved in *Kendrick* v. *Towle,* 60 Mich.

367 (1 Am. St. Rep. 526), and *Webster* v. *Symes,* 109 Mich. 1. Negligence is absence or want of ordinary care (*Wood* v. *Chalmers Motor Co.,* 207 Mich. 556); the failure to do what a reasonable and prudent person would ordinarily do under the circumstances, or doing what such a person under the circumstances would not do. It may result from omission or commission. 1 Thompson on Negligence (2d Ed.), § 2. The want of ordinary care. Negligence in the conduct of a tug is the failure to use the care ordinarily used by careful men. *Montgomery* v. *Booming Co.,* 88 Mich. 633, 641 (26 Am. St. Rep. 308). There was, we think, no error in this instruction to the jury. It might have been given in the language requested by plaintiff, but it was properly covered.

4. Plaintiffs allege the court erred in charging the jury:

"If, from the evidence and by a preponderance thereof, you find that the fire did start from sparks from this steam shovel and that it was caused by the negligent operation of the steam shovel, then you go to the question of responsibility, who was responsible for that condition?"

The burden of proof was on plaintiffs to establish the negligence of defendants by a preponderance of the evidence. If but one of the defendants was found negligent, it was for the jury to determine which one was responsible for the negligent operation of the steam shovel, and therefore liable to respond in damages for plaintiffs' loss. There was no error in this instruction.

5. The court charged the jury that if Gohr was an independent contractor Christman Company was not liable.

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to control by his employer as to the means by which the result is to be accomplished, but only as to the result of the work. 26 Cyc. p. 1546." *Zoltowski* v. *Ternes Coal & Lumber Co.,* 214 Mich. 231.

Gohr was employed to excavate for a foundation for a building. It was immaterial to Christman Company whether it was done by hand, teams and scraper, a gasoline motor operated shovel, or a steam shovel. Where the contract is plain, unambiguous, and undisputed, whether one is an independent contractor is a question of law for the court. *Collias* v. *Building & Loan Ass'n,* 220 Mich. 207. The test of whether Gohr was an independent contractor or an employee of Christman Company was the right of the Christman Company to control and direct the performance of the work. *Van Simaeys* v. *George R. Cook Co.,* 201 Mich. 540; *Collias* v. *Building & Loan Ass'n, supra.* The general rule is thus stated in 1 Thompson on Negligence (2d Ed.), § 621:

"It is a general rule that one who has contracted with a competent and fit person, exercising an independent employment, to do a piece of work not in itself unlawful, or of such a nature that it is likely to become a nuisance, or to subject third persons to unusual danger, according to the contractor's own methods, and without being subject to control except as to the results of his work, and subject to other qualifications hereafter stated,—will not be answerable for the wrongs of such contractor, his subcontractors, or his servants, committed in the prosecution of such work."

See, also, *Van Dam* v. *Doty-Salisbury Co.,* 218 Mich. 32 (29 A. L. R. 729).

The terms of the contract between Gohr and Christman Company were indefinite, and the question of supervision to be exercised by the Christman Company and the extent thereof was for the jury. The mere fact that Gohr was an independent contractor would not of itself excuse Christman Company from liability. Where one owes a duty to another, he cannot acquit himself of liability by delegating performance of the duty to an independent contractor. *Peerless Manfg. Co.* v. *Bagley,* 126 Mich. 225 (53 L. R. A. 285, 86 Am. St. Rep. 537); *Lauer* v. *Palms,* 129 Mich. 671 (58 L. R. A. 67); *Blickley* v. *Luce's Estate,* 148 Mich. 233; *Inglis* v. *Driving Ass'n,* 169 Mich. 311 (Ann. Cas. 1913 D, 1174); *Van Dam* v. *Doty-Salisbury Co., supra; Olah* v. *Katz,* 234 Mich. 112. The Christman Company was principal contractor for the erection of the building on the premises in question, and cannot evade liability by the mere fact it hired Gohr to do excavating with a steam shovel. It was bound to see that the excavating, which as a part of its contract it was bound to do, was not done by a subcontractor in a negligent manner. *Inglis* v. *Driving Ass'n, supra; Olah* v. *Katz, supra.*

In *Inglis* v. *Driving Ass'n, supra,* the exception to the general rule is pointed out. The language of *Covington, etc., Bridge Co.* v. *Steinbrook & Patrick,* 61 Ohio St. 215 (55 N. E. 618, 76 Am. St. Rep. 375), was expressly approved, and it is said that "A duty is imposed upon the employer, in doing work necessarily involving danger to others unless great care is used, to make such provision against negligence as may be commensurate with the obvious danger. It is this duty that cannot be delegated to another so as to avoid liability for its neglect." In *Olah* v.

*Katz, supra,* the negligence of a plumber, employed as an independent contractor, in leaving open and unguarded an excavation, was held to be the negligence of the company which employed him. We think the charge of the trial court erroneously went too far.

6. The plaintiffs requested the court to charge the jury as follows:

"I instruct you that if you find from the evidence that on the 26th day of May, 1925, from the violence of the wind then blowing and the general direction thereof and the dryness of the atmosphere and the immediate surroundings of the steam shovel and the property of plaintiffs, the operating of the steam shovel endangered the property of plaintiffs by fire to the extent that an ordinarily prudent man having knowledge of the operation of a steam shovel and the existing conditions would have ceased to operate the shovel, then the failure of defendants to so cease to operate the steam shovel was negligence; and if by reason of such negligence, fire was communicated from said steam shovel to plaintiffs' property and destroyed it, plaintiffs are entitled to a verdict if they did not contribute by their own negligence to the injury; and this would be so even if defendants made use of a fire or spark arresting appliance on the steam shovel. It was the duty of defendants if in operating said steam shovel they endangered plaintiffs' property by fire, to use such reasonable means as were known to them or were in such general use that by reasonable care and inquiry they might have known of them, to prevent fire from issuing from said steam shovel and falling upon and in plaintiffs' property and injuring it; and if they omitted to use such means, such omission was negligence; and if you find from the evidence that such negligence directly caused the burning of plaintiffs' property and its injury and destruction they are entitled to a verdict."

This request was refused. It seems to have been preferred substantially in the language approved in *Webster* v. *Symes,* 109 Mich. 1, and is sustained by *Hoyt* v. *Jeffers,* 30 Mich. 181.

7. The plaintiffs offered testimony tending to show other fires were set from the operation of the steam shovel. This was excluded. Evidence of other fires set at about the same time by sparks from the steam shovel in question was competent (*a*) to show the steam shovel probably emitted sparks which set fire to plaintiffs' house on the occasion in question (*Hoyt* v. *Jeffers, supra; Alpern* v. *Churchill,* 53 Mich. 607; *Webster* v. *Symes, supra; Ainsworth* v. *Hover,* 162 Mich. 135); (*b*) to show the particular steam shovel was defective in construction (*Ireland* v. *Railroad Co.,* 79 Mich. 163); (*c*) to show it was physically possible for live sparks to have been carried as far as plaintiffs claim they were carried to set fire to the building in question (*Budd* v. *Railroad Co.,* 200 Mich. 250). (*d*) That sparks from the steam shovel were carried a particular distance is admissible to prove defendants' negligence if accompanied by proof that if the steam shovel was in a proper condition it would not emit sparks of sufficient size to carry that far (*Potter* v. *Railway Co.,* 157 Mich. 216 [22 L. R. A. (N. S.) 1039]; *Maier* v. *Railway Co.,* 219 Mich. 679; *Gorgol* v. *Railroad Co.,* 236 Mich. 646); and, (*e*) to show improper management of the steam shovel in question (*Stoddard* v. *Railway Co.,* 191 Mich. 321). We think it was error to exclude the offered testimony.

8. Error is assigned on the court's charge as follows:

"You have heard the evidence and the Wights admit that they were paid by the insurance companies a certain amount of money. And you take

that into consideration as evidence of the loss. They also claim some damages in addition, money which they paid for moving and storing and rent of a building, etc. And those are questions of fact for you to determine. You are the sole judges of the facts. You must determine the truth or falsity of the testimony.''

It does not appear to us this was error.

9. It is claimed the court erred in charging the jury as follows:

''Perhaps I ought to say to you members of the jury that you could, if you saw fit, find a verdict against any one of these defendants, and not against the other.''

We do not think this was error.

10. Plaintiffs assign error on the following portion of the court's charge:

''If Gohr was an independent contractor and the Christman Company had no connection in any way with Gohr, except to pay him for a hole in the ground, Bliss could not, by any statement of his, bind the Christman Company, because if they had no relations in the matter, an agent could not bind them under the circumstances.''

In view of the law governing liability for the acts of an independent contractor, as stated above, we think this charge erroneous.

11. Plaintiffs assign error upon the failure of the court to charge as requested:

''If you find from the testimony that Bliss was a superintendent of the Christman Construction Company in charge of work on the premises on the McComb property on the 26th day of May, 1925, for that company, and told Mrs. Wight that the company would protect the property and see that no

harm came to it, as she testifies he told her, that he thereby assumed for the Christman Construction Company the risk of all damages to the Wight property which might arise by reason of the negligent operation of the steam shovel, either because of being not properly equipped with spark arrester or because of the condition of the atmosphere and wind, and if he failed to use, as superintendent for the Christman Construction Company, all means necessary to protect the property and damage resulted therefrom, the Christman Construction Company as well as the Gohr Excavating Company would be liable for all damages resulting therefrom."

The substance of this request is warranted by *Collias* v. *Building & Loan Ass'n, supra,* where it is said:

"The evidence is undisputed that, at a certain stage of the work, Hibbard, at the suggestion of the building inspector, assumed the duty of protecting the wall in accordance with a plan agreed upon by them. If defendants assumed the duty of protecting the wall from falling, they thereby relieved the plaintiffs and the owner from any further responsibility therefor."

For the errors above indicated the case is reversed and a new trial granted.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.