WATKINS v. GABRIEL STEEL CO.

1. MASTER AND SERVANT—NEGLIGENCE—LIABILITY FOR NEGLIGENCE OF INDEPENDENT CONTRACTOR WHERE WORK UNUSUALLY DANGEROUS TO OTHERS.

General rule that one who has contracted with competent person to do work within scope of his independent employment is not answerable for negligent acts of such contractor or of his servants or agents in performance of contract is subject to exception that immunity from responsibility may not be claimed when work to be done is of such character that it necessarily subjects third persons to unusual danger.

2. SAME—WORK OF FASTENING STEEL JOISTS UNUSUALLY DANGEROUS TO OTHERS.

If mason working on third floor of building was injured because steel joists were improperly fastened, contractor who had contract for furnishing and fastening said joists may not evade liability therefor on ground that it sublet contract to competent independent contractor, since said work was of such nature that it subjected mason to unusual danger.

On general rule as to absence of liability of employer for torts of independent contractor, see annotation in 65 L. R. A. 620; 18 A. L. R. 801.

3. SAME—TRIAL—DIRECTED VERDICT.

In action against contractor for personal injuries alleged to have been caused by defendant's negligence in failing to properly fasten steel joists, it was error to direct verdict in favor of defendant on its showing that it did not do said work but that it had sublet contract therefor to competent independent contractor, since it may not evade responsibility therefor unless it took precautions to see that said work, which was inherently dangerous, was properly done.

Appeal from Wayne; Black (Edward D.), J., presiding. Submitted October 28, 1932. (Docket No. 190, Calendar No. 36,634.) Decided December 6, 1932.

Case by Louis Watkins against Gabriel Steel Company, a Michigan corporation, for personal injuries alleged to have been due to defendant's negligence in the erection of a building. Judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Wm. Henry Gallagher (Francis Fitzgerald,* of counsel), for plaintiff.

*L. J. Carey* and *George J. Cooper (Joseph J. Kennedy,* of counsel), for defendant.

SHARPE, J. Jacob Adler was erecting an apartment building on a lot owned by him in the city of Detroit in the year 1928. He entered into a written contract for the furnishing and erection of the steel joists with the defendant, a corporation engaged in their manufacture. It sublet the erection of the joists to J. L. Peters. The plaintiff had the contract for the masonry. It is the claim of the plaintiff that when the third floor was reached the joists were placed in position, but not properly fastened. The masons were about to proceed with their work, and

placed planks upon the steel work to permit them to move about thereon. While the plaintiff was superintending the work of his employees, the joists loosened and he was precipitated into the basement and suffered injury, for which he seeks to recover damages in this action.

The case was tried before the court without a jury. After the opening statement of plaintiff's counsel, he called the secretary of the defendant as a witness for cross-examination. His testimony developed the fact that the contract for the erection of the joists had been sublet by the defendant to Peters. Of this the plaintiff had not been theretofore informed. Discussion arose as to the liability of the defendant when the work of erection had been sublet. After some delay, in which counsel submitted authorities to the court, he expressed grave doubt as to the liability of the defendant, and, in order that the question should be determined without the expense of a trial, entered a judgment in defendant's favor, of which the plaintiff here seeks review by appeal.

It clearly appears that Peters was an independent contractor, and that he was competent to perform the work undertaken by him. While the general rule is that a contractor is exempt from liability caused by the negligence of an independent contractor or his servants, it is subject to the exception that such liability cannot be evaded, unless proper precautions are taken, when the work to be done is inherently or intrinsically dangerous. 39 C. J. pp. 1331, 1332.

This exception was clearly stated and applied in *Olah* v. *Katz,* 234 Mich. 112, 116, wherein it was said:

"The general rule relied on by defendant that one who has contracted with a competent person to

do a work within the scope of his independent employment is not answerable for the negligent acts of such contractor, or of his servants or agents, in the performance of the contract, is subject to the exception that immunity from responsibility may not be claimed when the work to be done is of such a character that it necessarily subjects third persons to unusual danger.''

See, also, *Inglis* v. *Millersburg Driving Ass'n,* 169 Mich. 311 (Ann. Cas. 1913 D, 1174) ; *Wight* v. *H. G. Christman Co.,* 244 Mich. 208. The safety of plaintiff was dependent upon the joists on which the planks were placed being securely fastened, and the neglect of Peters and his employees to do so subjected plaintiff to an unusual danger in the performance of his work. If his injury was due to such neglect, defendant may not be relieved from the consequences thereof by the fact that the work was being done by Peters as an independent contractor.

While the record is not sufficiently complete to justify a holding that plaintiff is entitled to recover, it is apparent that the defendant was not entitled to a judgment at the time it was entered. It will be reversed and set aside and the cause remanded for a new trial, with costs of this court to abide the result of such trial.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.