WATKINS v. GABRIEL STEEL CO.

1. MASTER AND SERVANT—NEGLIGENCE—INDEPENDENT CONTRACTOR—UNUSUAL DANGER.

Contractor who had contract for furnishing and fastening steel joists on structure being erected may not evade liability for injuries received by mason working on third floor because joists were improperly fastened on the ground that work was sublet to an independent contractor since said work was of such nature that it subjected mason to unusual danger.

2. APPEAL AND ERROR—LAW OF CASE.

Conclusion reached on question of law on former appeal became the law of the case and is not reviewable on appeal from judgment in subsequent trial.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—APPEAL AND ERROR—EVIDENCE.

Claim of contributory negligence of mason in not seeing that steel joists were insecurely fastened, apparently not passed upon by trial court during trial nor on motion for new trial is not sustained where architect testified mason might not know where to look for such fastenings and mason said he had never worked before on building where steel joists were used.

4. ASSIGNMENTS—CAUSE OF ACTION—TORTS.

Assignment of a cause of action for tort as security in no way affected plaintiff's right to recover.

5. APPEAL AND ERROR—DAMAGES—REDUCTION—NEW TRIAL.

Judgment by court sitting without a jury for personal injuries, reduced on motion for new trial from $8,340 to $6,340, is not disturbed where both parties appeal, since trial court heard and saw the witnesses.

6. COSTS—APPEAL BY BOTH PARTIES.

No costs are allowed where judgment for personal injuries is affirmed and both parties have appealed.

Appeal from Wayne; Campbell (Allan), J.   Submitted June 20, 1934.   (Docket No. 124, Calendar No. 37,912.)   Decided September 18, 1934.

Case by Louis Watkins against Gabriel Steel Company, a Michigan corporation, for personal injuries alleged to have been due to defendant's negligence in the erection of a building.   Judgment for plaintiff.   Defendant appeals.   Affirmed.

*Wm. Henry Gallagher* (*Francis Fitzgerald* and *Abraham Satovsky,* of counsel), for plaintiff.

*Ernest P. LaJoie,* for defendant.

NELSON SHARPE, C. J.   The defendant company entered into a contract with the owner of a building for the erection of the steel joists used in the construction thereof.   It sublet this work to one J. L. Peters Company.   It is the claim of the plaintiff that he sustained an injury due to the negligent manner in which this work was performed.   The first trial thereof resulted in a judgment for the defendant. On appeal to this court it was reversed and a new trial ordered (260 Mich. 692).   In the opinion there filed it was said:

"The safety of plaintiff was dependent upon the joists on which the planks were placed being securely fastened, and the neglect of Peters and his employees to do so subjected plaintiff to an unusual

danger in the performance of his work. If his injury was due to such neglect, defendant may not be relieved from the consequences thereof by the fact that the work was being done by Peters as an independent contractor.''

On trial by the court without a jury it found that the plaintiff was entitled to recover and entered a judgment in his favor for $8,340.

A motion for a new trial based in part upon the fact that new evidence had been discovered bearing upon its liability was granted conditional on the testimony theretofore taken being considered as submitted thereon. A number of additional witnesses were then examined, after which the court filed an opinion in which he stated:

''The testimony taken as a whole satisfies the court that for some unexplained reason Peters failed to properly brace the joists in the east bay, and inasmuch as his negligence in law is the negligence of the defendant, the Gabriel Steel Company, the plaintiffs (plaintiff is) entitled to recover in the amount hereinbefore determined.''

A judgment was entered pursuant thereto.

Defendant's counsel then filed a ''motion to dismiss or render judgment of no cause of action'' based upon the claim that after the judgment first entered had been set aside, the plaintiff had ''assigned all his right, title and interest in and to this cause of action to Gladys Amada.'' The trial court found that the assignment had been made but was for security only and dismissed the motion.

Some time later defendant's counsel filed another motion for a new trial based in part upon the claim that the judgment was contrary to the great weight of the evidence and was excessive. The trial court, upon reflection, found that the allowance made for

"lost earnings and pain and suffering was excessive" and entered a judgment in the sum of $6,340, from which the parties have appealed.

1. The accident happened on Tuesday, the 17th day of July, 1928. There was evidence that plaintiff and one of his employees were assured by some of the employees of the Peters Company that the joists would be in position for placing the scaffolding thereon on Monday morning; that on that morning when plaintiff's men went to work, the joists were "looking right, like they were looking on the first and second floor;" that the planking was then placed thereon and that the next morning as the plaintiff and his foreman were standing thereon, the joists loosened and fell into the basement, taking the planking and the plaintiff with them, and causing the injury for which he here seeks to recover damages.

When the joists were placed in position for putting the planking upon them, the plaintiff and his workmen had the right to assume that they were fastened in such a manner as would afford reasonable security to them in the furtherance of their work on the building and if they were not, as found by the court, the neglect to do so necessarily subjected them to an unusual danger. And as was said in the former opinion, "If his (plaintiff's) injury was due to such neglect, defendant may not be relieved from the consequences thereof by the fact that the work was being done by Peters as an independent contractor."

The conclusion thus reached became the law of this case and is not subject to review upon this appeal. *Pierce* v. *Underwood,* 112 Mich. 186; *American Ins. Co. of Newark* v. *Martinek,* 216 Mich. 421.

2. It is argued that the plaintiff was guilty of contributory negligence; that he or his workmen

could and should have seen that the joists had not been securely fastened; and that the work thereon had not been completed. This question was not presented to the trial court except in the last motion made by defendant for a new trial and was apparently not passed upon by him. It may be disposed of, against the contention of the defendant, by the evidence of the architect. He testified:

"*Q*. What is there that would possibly, or could possibly prevent a contractor, a mason contractor, from observing an unclipped and unbridged condition of a steel joist, laid across two I-beams, before he puts his planks on there?

"*A*. Well, a mason contractor might or might not be familiar with the steel joists, which might be laid in there every place and not fastened. He might not be able—he would not know where to look for fastenings, whether clipped or not."

The plaintiff testified that prior to that time he "had never worked on a building where steel joists were used."

3. The assignment of the cause of action in no way affected plaintiff's right to recover. *Sayre* v. *Railway Co.*, 205 Mich. 294.

Defendant urges that the amount of the judgment is still excessive, while plaintiff contends that the evidence did not justify the reduction made. The trial court heard and saw the witnesses who testified to plaintiff's injury, his pain and suffering, and the loss in earnings he would be likely to sustain therefrom. We see no reason for interference with the conclusion reached by him as to the amount for which plaintiff was entitled to recover.

The judgment is affirmed. As both parties have appealed, no costs will be allowed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.