Richard GARCZYNSKI, Plaintiff-Appellant,

v.

DARIN & ARMSTRONG COMPANY, Defendant-Appellee.

No. 19282.

United States Court of Appeals Sixth Circuit.

Jan. 29, 1970.

John W. Peck, Circuit Judge, dissented.

Theodore M. Rosenberg, Detroit, Mich., for plaintiff-appellant; Albert Lopatin, Detroit, Mich., on brief.

Lawrence A. Bohall, Detroit, Mich., for defendant-appellee; Martin, Bohall, Joselyn, Halsey & Rowe, Detroit, Mich., on brief.

Before PHILLIPS, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from summary judgment granted by a District Judge in the United States District Court for the Eastern District of Michigan in favor of a general contractor in a third-party suit by an injured employee of a steel erection subcontractor. The steelworker's complaint alleged that he was knocked off an I-beam thirty feet in the air as a result of the negligence of a crane operator who was a fellow employee working for the same subcontractor for whom the injured party worked.

Appellant's appeal claims the benefit of the inherently dangerous exception[1] to the general proposition that an employer of an independent contractor is not liable for that contractor's negligence or the negligence of his employees. Restatement (Second) of Torts § 409 (1965).

This is a diversity suit from the State of Michigan, and hence, Michigan law controls. Appellant relies upon two Michigan Supreme Court cases, Watkins v. Gabriel Steel Co., 260 Mich. 692, 245 N.W. 801 (1932) and 268 Mich. 264, 256 N.W. 333 (1934), which do not seem to us to be dispositive of issues in this case. The same may be said about Mulcahy v. Argo Steel Construction Co., 4 Mich.App. 116, 144 N.W.2d 614 (1966). The District Judge relied upon Dees v.

1. Restatement (Second) of Torts § 427 (1965).

L. F. Largess Co., 1 Mich.App. 421, 136 N.W.2d 715 (1965), which does appear to be directly in point.

Recently, however, (after the District Court decision in this case) the Michigan Court of Appeals has recognized the inherently dangerous doctrine in Vannoy v. City of Warren, 15 Mich.App. 158, 166 N.W.2d 486 (1968). In *Vannoy* a subcontractor's employee was allowed to sue the City of Warren for injury resulting from poisonous gas in a sewer excavation where the city had prior notice of the hazardous condition.

The District Judge in our instant case granted summary judgment on two grounds. Relying on the *Dees* case, he held that steel erection work was not regarded in Michigan law as inherently dangerous. We are by no means sure that the *Vannoy* case has changed this rule.

But in any event, the District Judge also said:

"[E]ven if the Court was to find that this activity was ultra hazardous, it would have to find that the injuries sustained by the plaintiff were not due to the ultra hazardous nature of the work, but rather to the collateral negligence of a fellow employee."

As to this second ground, appellant's amended complaint alleges:

"That at the time and place aforesaid, while plaintiff was standing on a structural steel beam high above the ground performing his duties, the crane operator, Bonar, so negligently operated the crane that he struck plaintiff in the back with a 700 pound steel ball attached to the boom of the crane, knocking plaintiff off the beam and into a pile of steel on the ground.

"That said crane operator was negligent for the following reasons:

"a. That he operated said crane without receiving a signal authorizing him to do so.

"b. That he operated said crane and struck plaintiff in violation of the signals which had been given to him.

"c. That he failed to use that degree of care and caution that a reasonably prudent crane operator would have used under the same or similar circumstances."

Appellant thus alleged that his injury was caused directly by the ordinary negligence (or fault) of a fellow employee. His deposition filed with the motions for summary judgment contained this question and answer:

"Q. You claim the accident was solely caused by Bonar's mistake in the handling of the ball and crane?

"A. Right."

Generally the "inherently dangerous" doctrine applies to situations where the hazards are such as to occasion injury to a third party, even though no negligence or no ordinary negligence is involved on the part of the party sued. Inglis v. Millersburg Driving Ass'n, 169 Mich. 311, 136 N.W. 443 (1912); Olah v. Katz, 234 Mich. 112, 207 N.W. 892 (1926); Grinnel v. Carbide & Carbon Chemicals Corp., 282 Mich. 509, 276 N.W. 535 (1937); Utley v. Taylor & Gaskin, Inc., 305 Mich. 561, 9 N.W.2d 842 (1943).

We believe that the instant allegations represent a classic illustration of collateral negligence founded on ordinary fault. Dees v. L. F. Largess Co., 1 Mich.App. 421, 136 N.W.2d 715 (1965).

Restatement of the Law of Torts 2d says under "Comment":

"He is not required to contemplate or anticipate abnormal or unusual kinds of negligence on the part of the contractor, *or negligence in the performance of operative details of the work which ordinarily may be expected to be carried out with proper care,* unless the circumstances under which the work is done give him warning of some special reason to take precautions, or some special risk of harm to others inherent in the work." Restatement (Second) of Torts § 426 (1965). (Emphasis added.)

The District Judge was correct in dismissing the complaint against the general contractor on this ground.

The judgment of the District Court is affirmed.

JOHN W. PECK, Circuit Judge (dissenting).

The majority opinion concludes that Dees v. L. F. Largess Company, 1 Mich. App. 421, 136 N.W.2d 715 (1965), is directly in point and that Vannoy v. City of Warren, 15 Mich.App. 158, 166 N.W. 2d 486 (1968), is without application, but I am unable to agree with either conclusion. In the present context, *Dees* holds only that because there was as a matter of law no evidence of negligence on the part of the general contractor, that issue was properly withheld from jury consideration. *Vannoy*, on the other hand, decreed that, "Whether the performance of decedent's task was inherently and intrinsically dangerous was a question of fact which the trial judge properly submitted to the jury." 15 Mich.App. at 164, 166 N.W.2d at 489. I would remand the present case for submission of that issue to the jury in accordance with what in my view is the only Michigan determination in point.