DETROIT POWER SCREWDRIVER COMPANY *v* LADNEY

1. TRIAL—FINDING OF FACTS—SUFFICIENCY.

 Appellate court's instruction to trial court, when remanding the case, to make a finding of fact as to whether a stud-driver machine was a specialty item without a reasonably accessible market was met by the trial court's finding that plaintiff's proofs failed to establish that there was not a reasonably accessible market for the machine, even though the trial court made no finding whether the machine was a specialty item.

2. TRIAL—FINDING OF FACTS—SUFFICIENCY.

 Trial court's finding that there was not a reasonably accessible market for a stud-driver machine was not erroneous where plaintiff, although given an opportunity to do so, offered no affirmative proof as to the absence of a reasonably accessible market for the machine and what little testimony there was indicated that there might be a market for the machine.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 March 9, 1972, at Detroit. (Docket No. 12219.)   Decided March 29, 1972.

Complaint by Detroit Power Screwdriver Company against Michael Ladney, Jr., for breach of contract. Complaint dismissed. Plaintiff appealed. Remanded for further factual findings. Complaint dismissed. Plaintiff appeals. Affirmed.

*Dickinson, Wright, McKean & Cudlip* (by *Herbert G. Sparrow* and *Kenneth J. McIntyre*), for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]  53 Am Jur, Trial § 1132 *et seq.*

*Cross, Wrock, Miller & Vieson* (by *W. Robert Chandler* and *Jonathan R. Harris*), for defendant.

Before: LEVIN, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiff Detroit Power Screwdriver Company filed suit for breach of contract involving a stud driver machine against Michael Ladney, Jr., doing business as Detroit Plastic Molding Co. Following a trial without a jury, the court held that plaintiff had not carried its burden of proof as to damages and dismissed the suit. Plaintiff appealed.

This Court heard the appeal from that ruling in *Detroit Power Screwdriver* v *Ladney,* 25 Mich App 478 (1970); wherein we remanded the case for further findings of fact as to whether the machine, manufactured by plaintiff for defendant, was a "specialty item without a reasonably accessible market". The trial court was instructed that if it found that the machine was a "specialty item without a reasonably accessible market", then it was to award damages to plaintiff pursuant to UCC § 2708(2), MCLA 440.2708(2); MSA 19.2708(2); however, if it did not so find, then it was to dismiss the action due to plaintiff's failure of proof under UCC § 2708(1), MCLA 440.2708(1); MSA 19.2708(1).

Upon remand the trial court did not find whether the machine was a specialty item, but found that plaintiff's proofs failed to establish that there was not a reasonably accessible market. The court thereupon entered a judgment dismissing plaintiff's action. Plaintiff appeals as of right.

On appeal plaintiff contends that the trial court erred in rejecting its proposition that a specialty

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

item cannot have a reasonably accessible market by definition. Plaintiff also argues that the trial court erred in failing to find that a reasonably accessible market did not exist for the machine.

We deem plaintiff's first contention to be *res judicata.* This Court instructed the trial court to make a finding of fact as to whether the machine in question was a "specialty item *without a reasonably accessible market*". *Detroit Power Screwdriver* v *Ladney, supra,* p 489. The latter phrase was not mere surplusage, and the trial court was bound by that instruction. See *Watkins* v *Gabriel Steel Co,* 268 Mich 264 (1934); 7A Callaghan's Michigan Pleading & Practice (2d ed), § 57.121, p 369.

Plaintiff's second contention is equally without merit. The Court will not reverse a finding of fact made by a trial court sitting without a jury unless such finding is clearly erroneous. GCR 1963, 517.1. Plaintiff, although given an opportunity to do so, offered no affirmative proof as to the absence of a reasonably accessible market for the machine in question. Further, since what little testimony as was given with regard to the marketability of the machine indicated that there might be a market for it, we cannot say that the trial court's finding was clearly erroneous.

Affirmed.