James D. DONOVAN, et al., Plaintiffs,

v.

GENERAL MOTORS CORP., Defendant.

No. 83–2986C(1).

United States District Court,
E.D. Missouri, E.D.

April 13, 1984.

Richard E. Schwartz, St. Louis, Mo., for plaintiffs.

Ben Ely, Jr., and Mark Stewart, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on defendant's motion for summary judgment on Counts I, III, and IV of plaintiffs' complaint. This Court grants defendant's motion as to part of Count I and all of Count III, but denies it as to Count IV.

The essential facts in this case are not in dispute. Plaintiff James D. Donovan was an employee of J.S. Alberici Construction Co. (hereinafter "Alberici"). Alberici was an independent contractor of defendant who was hired to construct a new receiving building on defendant's property. At the time of the accident, plaintiff was engaged in raising timbers to what was to be the roof of the new building. At the time plaintiff fell, he was on the roof, which was under construction, at the height of 27 feet 8 inches. The roof, through which plaintiff fell, was supported by I-beams serving as joists. Two (2) by six (6) inch pieces of wood were placed perpendicular to the joists to support material from which a roof deck was to be made. The two (2) by six (6) inch boards were secured by means of wire hangers. Alberici made the decision to so secure the boards. Plywood was laced over the two (2) by six (6) inch boards, so persons could walk over the still to be completed roof. Alberici's carpenters had been charged with the duty of securing the two (2) by six (6) boards. Plaintiff was asked to go to the roof area and pull up some lumber. Plaintiff was standing at the edge of a piece of plywood. The two (2) by six (6) boards had not been put down where plaintiff was standing. Plaintiff stepped on to the plywood and it collapsed under him, whereupon he fell to the ground sustaining the injuries for which he brings this action.

Count I of plaintiffs' complaint is entitled "Nondelegable Duties of a Land Owner". In ¶ 2 of Count I plaintiffs allege that Alberici was:

hired by the defendant to engage in an inherently dangerous activity, to wit, the erection of a steel frame work for a large factory building. Said injuries were caused by the negligence of the defendant in failing to provide plaintiff with a safe work place and by the negligence of defendant and its contractor, J.S. Alberici Construction Company, whose negligence is attributable to the defendant, in failing to take special safety precautions in the performance of a construction activity which created a substantial risk of harm to construction workers on the job site unless such precautions were taken.

Plaintiffs' Count I thus states two (2) theories of recovery. Plaintiffs rely on the inherently dangerous activity doctrine, as recognized by the Missouri Supreme Court in *Smith v. Inter-County Telephone Co.,* 559 S.W.2d 518, 523 (Mo. banc 1977), and the nondelegable duty of a land owner to provide a safe work place, as recognized in *McDonnell Aircraft Corporation v. Hartman-Hanks-Walsh Painting Company,* 323 S.W.2d 788 (Mo.1959). Defendant's motion goes only to the former, and not the latter, theory in Count I. Therefore, even though this Court grants the motion as to the inherently dangerous activity theory of Count I, plaintiffs' other theory in Count I is not affected.

Paragraph 3 of Count I contains allegations that plaintiff was at a height of 40 feet when he fell. However, defendant's statement that plaintiff fell from a height of 27 feet 8 inches must be taken as true as it is supported by deposition testimony and plaintiff has neither argued that a different height is correct nor referred to evidence suggesting that a different height is correct. In any event the difference between 40 feet and 27 feet 8 inches is not material.

Count III is entitled "Negligent Failure To Stop Work." It basically incorporates all of the allegations made in Count I and further alleges:

2. Plaintiff's injuries and damages were the direct and proximate result of the negligence of the defendant in failing to stop the work being performed by its independent contractor when defendant knew or should have known that the scaffold on which plaintiff was required to work was unsafe.

In an order dated March 5, 1984, this Court denied defendant's motion to dismiss Count III for failure to state a claim upon which relief can be granted. This Court construed Count III to state a claim under the theory recognized by the Missouri Supreme Court in *Smith v. Inter-County Telephone Co.*, 559 S.W.2d 518, 523 (Mo. banc 1977). Because the theory recognized in *Smith* is essentially the same as the theory that plaintiffs rely on in Count I, defendant's motion is directed to both Counts I and III and this Court treats Counts I and III as based upon the same theory.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). *See also Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Buller*, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e). *See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d*, § 2739 (1983).

The argument made by defendant is that in order to succeed on Counts I and III, plaintiffs must prove that the activity which Alberici was hired to perform was inherently dangerous or presented a peculiar risk. Defendant argues that the "erection of a steel frame work for a large factory building" is not, as a matter of law, an "inherently dangerous activity" and

that defendant is therefore entitled to summary judgment on Counts I and III. Plaintiffs respond that whether or not the work for which Alberici was hired was inherently dangerous is a question of fact for the jury to decide and summary judgment is therefore inappropriate.

■■■ With respect to plaintiffs' argument as to the propriety of summary judgment, it is true that summary judgment is not appropriate where a genuine issue of material fact must be decided by a jury. However, the question of whether the activity engaged in here is inherently dangerous is not a pure question of fact. It is a mixed question of fact and law, and in the case at bar the underlying historical facts are not in dispute. Where the underlying facts are not in dispute and all that remains for a jury to do is apply the law to the facts, summary judgment is appropriate on a mixed question of law and fact as to which the law content predominates. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues Of Material Fact*, 99 F.R.D. 465 (1983). Moreover, summary judgment is also appropriate where a defendant would be entitled to a judgment notwithstanding the verdict if the jury were to decide the question in the plaintiff's favor. *Id.* This is such a case. *See also Lunde v. Winnebago Industries, Inc.*, 299 N.W.2d 473, 475 (Iowa 1980) (question of landowner's *duty* is a legal question).

■■■ The general rule in Missouri is that the employer of an independent contractor is not liable for injuries arising out of the contractor's negligence. *Southwestern Bell Telephone Co. v. Rawlings Mfg. Co.*, 359 S.W.2d 393 (Mo.App.1962). In *Smith v. Inter-County Telephone Co.*, 559 S.W.2d 518 (Mo. banc 1977), the Missouri Supreme Court recognized an exception to this general rule and adopted the so-called "inherently dangerous" doctrine. This doctrine is based upon §§ 413, 416 and 427 of the *Restatement (Second) of Torts* (1965). This doctrine establishes a "cause of action against one who contracts for work to be

done by an independent contractor for breach of the employer's non-delegable duty imposed by law where performance of the contract necessarily involves inherently dangerous activity." *Smith*, 559 S.W.2d at 523.

The *Smith* Court looked to *Carson v. Blodgett Construction Co.*, 189 Mo.App. 120, 174 S.W. 447, 448 (1915), for a statement of what constitutes inherently dangerous work, as follows:

> The authorities generally hold that when the work to be done is inherently or intrinsically dangerous, and the danger arises from the doing of the work and requires preventive care to bring about safety, then the employer is liable notwithstanding the persons employed are independent contractors. The distinction seems to be that *if the doing of the work necessarily causes dangers which must be guarded against, then the employer must see to it that such dangers are guarded against, and cannot relieve himself by casting this duty on an independent contractor. If, however, the work is dangerous only by reason of negligence in doing it, then the liability falls only on the independent contractor.* In the one case the doing of the work creates danger and requires active care to counteract the danger. In the other *there is no danger unless created by negligence.* The one starts with danger and requires preventive care to make safety, while the other starts with safety and requires negligence to make danger.

*Smith*, 559 S.W.2d at 522 (emphasis added). To date, the inherently dangerous activity exception to the rule that employers are not liable for the negligence of their independent contractors has been limited to blasting and trenching work. *See, e.g., Smith* (trenching); *Mallory v. Louisiana Pure Ice & Supply Co.*, 320 Mo. 95, 6 S.W.2d 617 (1928) (blasting); *Carson* (trenching). *Cf. Stubblefield v. Federal Reserve Bank of St. Louis*, 356 Mo. 1018, 204 S.W.2d 718 (1947). (dropping materials from a roof onto a sidewalk used by pedestrians). Plaintiffs have not cited any Missouri case which has extended the inherent-

ly dangerous activity doctrine to ordinary construction work, such as roofing or the erection of a steel factory.

Two (2) cases from other jurisdictions, however, have dealt with the application of this doctrine to construction work. In *Lunde v. Winnebago Industries, Inc.*, 299 N.W.2d 473 (Iowa 1980), an employee of an independent contractor brought an action against the owner of the premises on which the employee was injured. The contractor was engaged by the owner to erect a steel frame building on the owner's property. The facts of the *Lunde* case are particularly similar to the facts of the case at bar, in that the *Lunde* plaintiff fell from a height of approximately 28 feet when he stepped onto the unsupported portion of a roof panel that collapsed under his weight. *Id.* at 474–75. The plaintiff relied on the inherently dangerous activity doctrine of the *Restatement* to obtain a jury verdict in his favor against defendant. However, the trial court granted defendant's motion for judgment notwithstanding the verdict and the Iowa Supreme Court affirmed on the ground that ordinary building projects are not covered by the doctrine as a matter of law. The Court thoroughly surveyed the comments in the *Restatement* and decisions from other jurisdictions, including *Carson*, and held that the doctrine is not applicable to "projects not dangerous by their nature but in which hazards are introduced by the negligence of the contractor."

The second case is *Garczynski v. Darin & Armstrong Company*, 420 F.2d 941 (6th Cir.1970). In *Garczynski* an employee of an independent contractor was engaged in the erection of a steel building on defendant's property. Plaintiff was knocked off the structure by the negligence of a fellow employee while at a height of 30 feet. The district court, sitting in diversity and applying Michigan law, granted defendant's motion for summary judgment and the Sixth Circuit affirmed. Applying the *Restatement's* inherently dangerous activity doctrine as adopted in Michigan, the Court held that steel erection work was not regarded as such an activity.

**328**

Plaintiffs herein argue that neither case is controlling because this Court must apply Missouri law. Plaintiffs also argue that *Lunde* applied a stricter standard of what constitutes an inherently dangerous activity than Missouri courts would apply. This Court agrees that Missouri law applies, but plaintiffs' distinction of *Lunde* is without merit. Both Missouri and Iowa, as well as Michigan, have adopted the doctrine as it is expressed in the *Restatement*. Plaintiffs rely on the following statement in *Smith*, to support their argument that Missouri applies a less strict standard:

> Inherently dangerous activity is that which *necessarily* presents a substantial risk of damage unless adequate precautions are taken.

*Smith*, 559 S.W.2d at 523 (emphasis added). In the opinion of this Court, there is no significant distinction between this standard and the one applied in *Lunde*. Any distinction at all is purely a matter of semantics. If Missouri courts were confronted with the facts of this case they would follow *Lunde* and *Garczynski*, because the erection of a steel frame for a building is not, as a matter of law, an activity which "necessarily" presents such a risk as to impose a duty on a landowner to take precautions. Blasting and trenching qualify as such an activity.

This Court holds that, under Missouri law, ordinary construction and the erection of steel buildings is not an inherently dangerous activity for which a landowner is under a duty to take *special* safety precautions. Because plaintiff was not engaged in an inherently dangerous activity, defendant is entitled to summary judgment on that part of Count I which relies on the inherently dangerous activity doctrine and Count III.

Defendant's motion also goes to Count IV, which is a claim for punitive damages due to defendant's alleged conscious disregard of plaintiffs' safety. However, because Count IV is still applicable to the alleged breaches of duty in the remaining theory of Count I and Count II, defendant's motion is denied as to Count IV.